Litmon, Appellant, *v.* Administrator, Bureau of
Workmen's Compensation, et al., Appellees.

[Cite as Litmon v. Admr., Bureau of Workmen's Comp.,
20 Ohio St. 2d 131.]

(No. 69-13—Decided December 23, 1969.)

*Messrs. Kondritzer, Gold & Frank* and *Mr. Marcus R. Kondritzer,* for appellant.

*Messrs. Cohen, Todd, Kite & Spiegel,* for appellees Helen Martin and M. Chester Martin.

*Mr. Paul W. Brown,* attorney general, *Mr. Walter J. Howdyshell, Mr. William J. Petro* and *Mr. James Maurer,* for appellee Administrator of the Bureau of Workmen's Compensation.

O'NEILL, J. The facts are not in dispute.

The question presented by this cause is: Are household servants, employed solely to render services in connection with the functioning, operation and maintenance of a private dwelling, "employees" within the meaning of the Workmen's Compensation law of this state?

The appellant relies upon Section 4123.01(B)(2), Revised Code, which defines "employer" in the following language:

"Every person, firm, and private corporation * * * that (a) has in service three or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written * * *."

However, there is additional language in that subsection which must be considered in determining the intent and effect of the section. That language reads as follows:

"* * * Any member of a firm or association, who regularly performs manual labor in or about a mine, factory, or other establishment, *but not including a household establishment,* shall be considered a workman or operative in determining whether such person, firm, or private corporation * * * has in its service three or more workmen * * *." (Emphasis added.)

Appellant relies further upon the statutory definition of "employee," "workman" or "operative" which appears in Section 4123.01(A)(2), Revised Code. That language reads as follows:

"Every person in the service of any person, firm, or private corporation * * * that (a) employs three or more workmen or operatives regularly in the same business or in or about the same establishment * * * but not including any person whose employment is casual *and* not in the usual course of trade, business, profession, or occupation of his employer * * *." (Emphasis added.)

The question which this case poses has never been determined by this court. However, that question was answered by the Attorney General in 1914 (1 Annual Report of the Attorney General 521, No. 880). That opinion held "that the compulsory features of the Workmen's Compensation Act do not apply to domestic servants employed by private families" in and about a private residence which is not a hotel or boarding house.

The law upon which that opinion was based (103 Ohio Laws 72, 77) has been changed. See amendment, 107 Ohio Laws 157, 159 (1917). At the time the 1914 opinion was written, the law read:

"Every person in the service of any person, firm, or private corporation * * * employing five or more workmen or operatives regularly in the same business, or in or about the same establishment * * * but not including any person whose employment is but casual, *or* not in the usual course of trade, business, profession, or occupation of his employer." (Emphasis added.)

In 1927, the Attorney General again considered the question presented by this case. That opinion (Opinions of Attorney General [1927], 909, No. 549) discussed the change of the word "or," to the word "and" by the 1917 amendment and reached the same conclusion as the 1914 Attorney General's opinion. The syllabus of the 1927 opinion reads:

"Chauffeurs, gardeners and household servants employed solely to render services in connection with the maintenance of a private dwelling are not 'employes' within the meaning of the workmen's compensation law of this state."

Since the Attorney General's opinion of 1914 (55

years ago), the Industrial Commission of Ohio has followed that opinion in interpreting and applying the law with regard to domestic servants employed in private residences. The General Assembly has not seen fit to amend the law to include domestic servants under the Workmen's Compensation Act.

The language in Section 4123.01(B)(2)(a), Revised Code, indicates that the General Assembly intended that the word "establishment" not include a "householder's establishment." It is reasonable to conclude that where the word "establishment" is used in the definition of the words "employee," "workman" or "operative," the Generel Assembly likewise intended that household establishments be excluded. The exception in this definition of "employee" indicates that a casual employee, who is in the usual trade, business, profession or occupation of his employer, is included in the definition. However, a domestic servant in a private residence is not in the "business, profession or occupation of his employer."

The appellant in this case is not an "employee" within the meaning of the Workmen's Compensation law of this state. A householder who employs three or more domestic servants solely in the functioning, operation and maintenance of his private residence is not amenable to the Workmen's Compensation law of Ohio, and is not required to pay premiums into the State Insurance Fund to cover such domestic servants.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.